IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

THE HANOVER INSURANCE COMPANY                                    PLAINTIFF

VS.                                     CIVIL ACTION NO. 7:13-cv-00547-LSC

BRICE BUILDING COMPANY, LLC                                      DEFENDANT

### DEFENDANT'S REPLY TO PLAINTIFF'S
### RESPONSE TO SHOW CAUSE ORDER

Defendant Brice Building Company, LLC ("Brice") replies to the response filed by Plaintiff, The Hanover Insurance Company ("Hanover") to the Court's Show Cause Order as to why Hanover should not be compelled to arbitrate the issues Hanover has brought before the Court.

Hanover's arguments proceed from a false premise: "[Brice's] reasoning does not follow Alabama law." Hanover Response at 2. Even assuming, *arguendo*, that this were true, Brice's Motion to Stay and Enforce Arbitration is expressly brought under the Federal Arbitration Act, 9 U.S.C. §§1 *et seq.* ("FAA") and is governed by federal law interpreting and applying the FAA. Although Hanover erroneously states that Alabama law should apply, Hanover acknowledges that "Alabama courts have not analyzed an arbitration provision similar to the one in the Brice/Atlantis Subcontract." *Id*. at 9. Accordingly, as its principal authority, Hanover resorts, not to a case applying federal law to the FAA, but to a case applying the state law of Maryland. *Id*.

At issue is whether the arbitration provision contained in Brice's Subcontract with Atlantis Drywall & Framing, LLC ("Atlantis"), Hanover's principal, and incorporated by reference into Hanover's Subcontract Performance Bond ("Bond") issued to Brice, as obligee, requires Hanover under the FAA to arbitrate its defense to obligations owed to Brice arising under the Bond.[1]  Hanover's main contention is that the incorporated arbitration provision limits arbitration only to the subcontracting parties, namely Brice and Atlantis, and therefore does not require Hanover to arbitrate claims and issues pertaining to the Subcontract it bonded and arising from or related to Atlantis' default under that Subcontract.

Federal courts interpreting the FAA under federal law have repeatedly rejected the arguments made by Hanover.  *Hoffman v. Fidelity & Deposit Co. of Maryland*, 734 F. Supp. 192 (D.N.J. 1990), considered issues and bond language very similar to that before this Court.  *Hoffman* involved the determination of whether an owner's claims against a surety's performance bond were arbitrable.  While the bond was silent as to dispute resolution, it incorporated by reference the owner's contract with the general contractor, which did contain an arbitration clause.  The incorporation by reference language in the *Hoffman* bond is similar to the language in Hanover's bond.  More importantly, the contractual arbitration provision in *Hoffman* has essentially the same language as contained in the Brice/Atlantis Subcontract arbitration provision.

---

[1] Brice specifically denies Hanover's summary of the underlying facts.  Hanover Response at 2.  However, since these contentions go to the merits of the dispute between Brice and Atlantis, they are not relevant to the issues before this Court, other than to demonstrate that such a dispute does exist and is subject to arbitration.

### Arbitration provision in *Hoffman:*

> *All claims, disputes and other matters in question **between the parties to this Agreement**, arising out of or related to this Agreement or the breach thereof, shall be decided by arbitration or litigation, at the election of the owner….*

734 F. Supp. at 193. (Emphasis added).

### Arbitration provision in Atlantis' Subcontract:

> *In the event of a dispute(s), claim(s) or other matter(s), in question of any kind whatsoever **between the parties** (i) arising out of or related or collateral to the provisions and/or subject matter of this Subcontract or the breach thereof, or independent from the Subcontract or (ii) relating to any transaction or occurrence of any kind between the parties to this Subcontract or their officers, directors, agents and/or employees….*

(Emphasis added).

The surety in *Hoffman* principally opposed arbitration on grounds that (1) the intent of the bond's incorporation by reference language was only to define the scope of the work to be performed by the contractor; and (2) the arbitration provision was applicable to disputes only between the contractor and the owner because the provision was limited to disputes "between the parties". *Hoffman*, 734 F. Supp. at 193-94. The court disagreed with both arguments. In rejecting the surety's argument regarding the intent of the incorporation language, the court cited numerous federal circuit opinions in which sureties were bound to arbitrate liability on bonds because of the incorporation by reference of the contract into the bond. *Id.* at 194.

The *Hoffman* court then rejected the surety's interpretation of the breadth of the arbitration provision, stating that "Fidelity reads the arbitration clause too narrowly" and that "courts have not construed such references to the parties as limiting the

applicability of the arbitration clause to the parties to the main contract." *Id.* at 194-95. The court concluded that "the Third Circuit would follow the Eleventh, Sixth, Fifth, Second and First Circuits and would require [the surety] to arbitrate its defenses to liability on the Bond. Federal policy favors arbitration and dictates liberal construction of arbitration clauses." *Id.* at 195.

To like effect is *Fireman's Insurance Co. of Newark, New Jersey v. Edgewater Beach Owner's Ass'n, Inc.*, 1996 WL 509720 (N.D. Fla. 1996). There, the general contract required that "[a]ll claims, disputes and other matters in question between OWNER and CONTRACTOR arising out of or relating to the Contract Documents or the breach thereof ... will be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association...." 1996 WL 509720, at *1. The contract additionally stated that "[n]o arbitration arising out of or relating to the Contract Documents shall include by consolidation, joinder, or in any other manner any other person or entity ... who is not a party to this contract ..." *Id.* at *2. The court nonetheless found the incorporated arbitration provision was binding on the surety. The court's reasoning was as follows:

> It is well-settled that where a performance bond incorporates the provisions of a contract, the arbitration provisions of the contract are made a part of the bond and are applicable to disputes involving the surety. **Courts have consistently applied this principle even where the arbitration provision in the contract limits its application to the parties of the agreement**. Where, as here, a surety expressly incorporates the terms of a construction contract into its performance bond, **the surety becomes a real party in interest and a joint and several obligor**.

*Id.* at *2 (internal citations omitted)(emphasis added).

---

In presenting these authorities, Brice does not concede that its arbitration provision with Atlantis is "limited" or "narrow" as incorrectly assumed by Hanover. Indeed, the arbitration provision in Brice's Subcontract with Atlantis states, among other things, that it applies to "dispute(s), claim(s), or other matter(s) in question *of any kind whatsoever* between the parties (i) arising out or of *related or collateral* to the provisions and/or subject matter of this Subcontract or the breach thereof, or *independent from this Subcontract* . . . ." (Emphasis added). The arbitration provision further included a separate sentence expressly stating that "the scope of this arbitration clause shall be *construed as broadly as possible* . . . ." (Emphasis added).

Hanover bonded the Subcontract. Hanover incorporated by reference the entire Subcontract between Brice and Atlantis into Hanover's Bond. Hanover could have excepted out the Subcontract arbitration provision but chose not to do so. As held in *Fireman's Fund, supra,* the surety's unqualified incorporation into its bond of a contractual arbitration provision constitutes the agreement by the surety, as a joint and several obligor, to arbitrate disputes arising under the bond.

This point was also made in *Matter of Arbitration of the Application to Compel Arbitration Between S & R Company of Kingston and Latona Trucking,* Inc. 984 F. Supp. 95 (N.D.N.Y. 1997) *aff'd* 159 F.3d 80 (2d Cir. 1998), *cert. dismissed,* 528 U.S. 1058 (1999). In that case, the relevant arbitration provision was, as here, contained in a subcontract between the general contractor (S&R) and a subcontractor (Latona). The subcontract arbitration clause was worded with very similar language to that present in the case *sub judice*. It was incorporated by reference in the bond provided by the surety (Hartford).

---

**Arbitration provision in *Latona Trucking*:**

> *In the event any dispute arises **between the Parties** relative to this contract which cannot be resolved by the Parties within thirty (30) days from the date first noticed, the Parties agree to refer the dispute to an arbitrator in accordance with the rules of the American Arbitration Association.*

984 F. Supp. at 97 (emphasis added).

The court in *Latona Trucking* relied upon the Second Circuit opinion in *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuala*, 991 F. 2d 42, 45 (2d Cir. 1993). The arbitration provision in *Progressive* was also limited to disputes "between the contracting parties." The *Progressive* court emphasized that the arbitration clause was not "restrictively worded by referring to the immediate parties to that contract by name."

Furthermore, the *Latona* court pointed out that *Progressive* reached its result even though the immediate parties to the underlying contract were referred to more specifically (i.e. "Owner and Charterers") in the arbitration clause, whereas the arbitration provision at issue in that case, like the Brice/Atlantis Subcontract, referred more generally to "the Parties". The *Latona* court observed that because the arbitration clause referred to undefined "Parties", it was reasonable to conclude that the term "Parties" included the surety when the provision was incorporated by reference into the bond.

The *Latona* court concluded:

> The court acknowledges that the arbitration clause at issue is neither as narrow nor as broad as those cited in the above cases. On balance, however, the arbitration clause cannot be said to limit, by its terms arbitration of disputes between just Latona [subcontractor] and S&R [general contractor].

---

> Rather, the arbitration clause, when coupled with the incorporation clause contained in the payment bond, **expresses an intention by Latona [subcontractor], S&R [general contractor], and Hartford [the surety] to arbitrate all disputes**. This finding is consistent with the healthy federal policy favoring arbitration.

984 F. Supp. at 101 (emphasis added).

There are three parties to the Bond: Hanover, as surety; Atlantis, as principal; and Brice, as obligee. Hanover incorporated in its entirety and without qualification the Subcontract between Brice and Atlantis, which called for arbitration of all disputes by "the parties". This constituted Hanover's agreement to arbitrate all issues pertaining to the Bond in accordance with the arbitration provision incorporated by reference.

It is, of course, a fiction for Hanover to assert that "the claims asserted in this matter are completely unrelated to any dispute between Atlantis and Brice under the subcontract." Hanover's Response at 3. Hanover bonded the Subcontract, its principal Atlantis defaulted under the Subcontract, and Atlantis' default triggered Hanover's obligations under the Bond. The claims asserted in this matter are not unrelated but instead are based upon performance or lack thereof under the Subcontract.

In this regard, *Cianbro Corp. v. Empresa Nacional de Iagenieria*, 697 F. Supp. 15 (D. Me. 1988) is instructive. As is the case *sub judice*, *Cianbro* involved a dispute between a general contractor and a surety arising from the default under a subcontract which the surety bonded. The reasoning of *Cianbro* is directly on point:

> A threshold issue to be addressed is whether the language in the Subcontract's arbitration clause encompasses this matter between the general contractor and the surety for the subcontract. ... The core conflict arises between the general contractor ... and the subcontractor ... concerning performance of the [s]ubcontract obligations. The conflict

raised on this Motion to Compel Arbitration is between [the general contractor] and ... the surety for the subcontractor's obligations. As surety for [the subcontractor's] payment and performance obligations under the [c]ontract, [the surety] incurs no obligation unless and until a breach of the underlying agreement occurs. **Because a breach of the underlying agreement is required to trigger the surety's obligations, the issue between [the general contractor] and [the surety] concerning [the surety's] obligations under the payment and performance bonds is a matter 'arising out of or relating to' the [s]ubcontract.**

697 F. Supp. at 17 (emphasis added).

For the reasons given in this Reply and in its Motion, Brice respectfully requests the Court to compel Hanover to arbitrate all disputes and issues pertaining to the Subcontract and to Hanover's Bond which incorporated the Subcontract.

DATED: THIS the 14th day of May, 2013.

Respectfully submitted,

**BRICE BUILDING COMPANY, LLC**

s/ Charlie G. Baxley
CHARLIE G. BAXLEY, ASB-0130-L75B
WILLIAM R. PURDY, MSB #4534 (*pending admission pro hac vice*)
*Counsel for Brice Building Company, LLC*

OF COUNSEL:
BRADLEY ARANT BOULT CUMMINGS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
www.babc.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being sent this 14th day of May, 2013, via the CM/ECF system and via email to:

    Alec M. Taylor (ataylor@kfplaw.com)
    Brian Dodd (bdodd@kfplaw.com)
    KREBS, FARLEY & PELLETERI, PLLC
    1950 Stonegate Drive, Suite 225
    Birmingham, AL  35242
    *Counsel for Plaintiff The Hanover Insurance Company*

    */s/ Charlie G. Baxley*
    Counsel for Defendant Brice Building Company, LLC